IN THE UNITED STATES DISTRICT COURT OF THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**VIRGINIA PERSON,** *ET AL.* **PLAINTIFFS**

**VS.** **CIVIL ACTION NO.: 3:09cv133-M-A**

**FORD MOTOR COMPANY,** *ET AL.* **DEFENDANTS**

**ORDER**

This matter came before the court on the motion of the defendant Ford Motor Company to strike, as untimely, the revised expert report of Barbara Holmes, a life care planner retained by Plaintiff (#255). In support of the Motion, Defendant asserts that the revised report was not propounded until August 17, 2011, twelve days after the close of discovery. In response to the motion, Plaintiff asserts that the revised report merely corrects typographical errors addressed at the deposition of Ms. Holmes on August 2, 2011. In fact, defendant Ford points out these mistakes in a separate motion to exclude certain opinions of Mrs. Holmes currently pending before the District Judge, asking the court, by way of alternate relief, to require Ms. Holmes to correct the discrepancies between her report and her deposition testimony.

Having considered the matter and having reviewed both the original and revised reports of Ms. Holmes, the court finds that the revised report, to the extent that it merely reflects specific undisputed revisions/corrections acknowledged by Ms. Holmes in her deposition taken prior to the conclusion of discovery, will not be stricken as untimely. The specific revisions/corrections which Ms. Holmes addressed at her deposition were, as defendants in their motion to exclude point out, as follows:

(1) $1,000,000.00 of the $1,350,000.00 estimate for Living Environment - New

1

Construction should be corrected to $350,000.

(2) The $105,840.08 amount for Physical Surgery or Follow-up - Spinal Cord Specialist should be corrected to $35,280.02.

(3) The $39, 816.00 estimate for Recreational Therapy should be corrected to $6,636.00.

In so far as the court is aware these are the only corrections acknowledged by Ms. Holmes at her deposition which have now been included in the revised report. The court notes, however, that based on its own review of the revised report, it contains a number of changes that do not appear to be typos or calculation errors, and to the court's knowledge, were not identified by Ms. Holmes at her deposition as changes that needed to be made. These include:

(1) On page one of Ms. Holmes initial report, in the section titled Educational Background, she indicates that the plaintiff has recently enrolled with Virginia College. On page two of the revised draft, in the same titled section, Ms. Holmes states that the plaintiff plans to re-enroll at Virginia College during the summer of 2011.

(2) On page two of the initial report, in the section titled Medical Record Analysis, Ms. Holmes lists the Independent Medical Evaluation of Dr. Howard Katz among documents she reviewed. This document is omitted on page three of the revised report.

(3) On page two of the initial report in the Medical Record Analysis section, there are some narrative changes, the most significant of which occur on page three of the revised report. In the revised report there is no mention of the plaintiff being ejected from the vehicle, but the length of her hospital stay is included although it

was not included in the initial report.

(4) On page six of the initial report, in the section titled Earnings Analysis Post-Incident, Ms. Holmes states that the plaintiff was able to work briefly. This is omitted in the same section on page seven of the revised report. Also, in this section of the revised report, Ms. Holmes references Dr. Katz's medical assessment and a specific life expectancy of 39.2 years. This was not included in the initial report.

In as much as these changes do not appear to the court to be mere typos corrected by Ms. Holmes at her deposition, they are untimely.

In conclusion, the Defendant's motion to strike the revised report of Dr. Holmes is GRANTED IN PART AND DENIED IN PART. Specifically, the typographical changes referenced above will be permitted. However, the plaintiff will not be permitted to offer by way of a revised report any other changes including, but not limited to, the narrative changes addressed above in this Order.

SO ORDERED, this the 23rd day of September 2011.

/s/Jane M. Virden
UNITED STATES MAGISTRATE JUDGE